UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANELL HODGES, on behalf of herself
and those similarly situated,

    Plaintiff,

v.

77 GRANDVILLE, INC., a Michigan profit
corporation, and KRIS ELLIOTT and
DAX HYLARIDES, individuals,

    Defendants.

Case No. 1:19-cv-00081

Hon. Paul L. Maloney
Magistrate Judge Ray Kent

| | |
|---|---|
| Bradley K. Glazier (P35523) <br> Robert M. Howard (P80740) <br> BOS & GLAZIER, P.L.C. <br> Attorneys for Plaintiff <br> 990 Monroe Avenue, N.W. <br> Grand Rapids, MI 49503 <br> 616.458.6814 <br> bglazier@bosglazier.com | Jeffrey G. Muth (P65041) <br> Matthew M. O'Rourke (P79019) <br> MILLER JOHNSON <br> Attorneys for Defendants <br> 45 Ottawa Avenue, SW, Suite 1100 <br> Grand Rapids, MI 49503 <br> 616.831.1700 <br> muthj@millerjohnson.com <br> orourkem@millerjohnson.com <br><br> John W. Inhulsen (P69137) <br> INHULSEN LAW PLC <br> Attorneys for Defendants <br> 250 Monroe Ave. NW, Suite 400 <br> Grand Rapids, MI 49503 <br> 616.747.0000 <br> john@inhulsen.com |

**DEFENDANTS' BRIEF IN RESPONSE TO PLAINTIFF'S MOTION
FOR CONDITIONAL CLASS CERTIFICATION AND TO SEND NOTICE
TO SIMILARLY SITUATED EMPLOYEES**

Table of Contents

|      |      |                                                                                                                                                   | Page |
|------|------|---------------------------------------------------------------------------------------------------------------------------------------------------|------|
| I.   |      | INTRODUCTION                                                                                                                                      | 1    |
| II.  |      | THE COURT SHOULD AMEND PLAINTIFF'S PROPOSED NOTICE BECAUSE IT IS INCONSISTENT WITH THE PURPOSE OF FLSA COLLECTIVE ACTION NOTICES                  | 2    |
|      | A.   | The Court should amend Plaintiff's proposed notice to include factual information about the litigation process.                                   | 2    |
|      | B.   | The Court should deny Plaintiff's request to post a workplace notice because it is unnecessary and punitive.                                      | 4    |
|      | C.   | The Court should deny Plaintiff's request to contact potential members of the collective action a second time by email and once by phone.         | 6    |
| III. |      | CONCLUSION                                                                                                                                        | 7    |

Index of Authorities

Page

**Cases**

*Aguilar v. Complete Landsculpture, Inc.*, No. 3:04 CV 0776, 2004 WL 2293842
 (N.D. Tex. Oct. 7, 2004) ................................................................................................ 7

*Fenley v. Wood Group Mustang, Inc.*, 170 F. Supp.3d 1063 (S.D. Ohio 2016) ............................. 6

*Hall v. U.S. Cargo and Courier Service, LLC*, 299 F. Supp.3d 888 (S.D. Ohio
 2018) ............................................................................................................................. 6

*Hardesty v. Litton's Market and Restaurant, Inc.*, No. 3:12-CV-60, 2012 WL
 6046743 (E.D. Tenn. Sept. 28, 2012) ........................................................................... 4

*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) .......................................................... 2, 5

*Hurt v. Commerce Energy, Inc.*, No. 1:12-CV-758, 2014 WL 3615807 (N.D. Ohio
 July 21, 2014) ............................................................................................................... 3

*McCoy v. RP, Inc.*, No. 2:14-cv-3171, 2015 WL 6157306 (D.S.C. Oct. 19, 2015) ...................... 7

*McKinstry v. Developmental Essential Services, Inc.*, No. 2:16-cv-12565, 2017
 WL 815666 (E.D. Mich. Mar. 2, 2017) ....................................................................... 4

*Morangelli v. Chemed Corp.*, No. 10 Civ. 876, 2011 WL 7475 (E.D.N.Y. Jan. 1,
 2011) ............................................................................................................................. 3

*Morgan v. Morgan v. Family Dollar Stores*, 551 F.3d 1233 (11th Cir. 2008) ............................. 3

*Phipps v. Chariots of Hire, Inc.*, No. 3:17-CV-97, 2017 WL 4228028 (E.D. Tenn.
 Aug. 29, 2017) ........................................................................................................... 5, 6

*Potts v. Nashville Limo & Transport, LLC*, No. 3:14-cv-1412, 2015 WL 4198793,
 (M.D. Tenn. July 10, 2015) .......................................................................................... 4

*Prickett v. DeKalb County*, 349 F.3d 1294 (11th Cir. 2003) ......................................................... 3

*Swigart v. Fifth Third Bank*, 276 F.R.D. 210 (S.D. Ohio 2011) .................................................... 2

*Witteman v. Wisconsin Bell, Inc.*, No. 09-cv-440, 2010 WL 446033 (W.D. Wisc.
 Feb. 2, 2010) .............................................................................................................. 4, 6

*Wlotkowski v. Michigan Bell Tele. Co.*, 267 F.R.D. 213 (E.D. Mich. 2010) ......................... 3, 4, 6

*Wolfram v. PHH Corp.*, No. 1:12-cv-599, 2012 WL 6676778 (S.D. Ohio. Dec. 21,
 2012) ............................................................................................................................. 6

## I. INTRODUCTION

Defendants vigorously dispute that Plaintiff has a cause of action against Defendants and that Plaintiff's claims are suitable for class or collective action. However, the parties have not yet addressed the merits of Plaintiff's allegations at this early stage of litigation. Plaintiff filed her Complaint on February 4, 2019 (ECF No. 1, PageID.1-22) and Defendants timely answered on May 8, 2019 (ECF No. 11, PageID.52-83). Plaintiff then filed her First Amended Class and Collective Action Complaint and Jury Demand on May 22, 2019 (ECF No. 15, PageID.90-112), and Defendants timely answered on June 5, 2019 (ECF No. 23, PageID.156-188). The Court has not yet held a Rule 16 conference (it is scheduled for June 13, 2019), and the parties have not engaged in any discovery to date.

Thus, at this early stage of litigation, Defendants do not oppose Plaintiff's Motion for Conditional Collective Class Certification.[1]  However, they reasonably object to the following:

> (1) the exclusion from Plaintiff's proposed notice of certain factual information because it does not provide potential members of the collective action with a full and complete understanding of the litigation process;
>
> (2) Plaintiff's proposed posting of a notice of the collective action in Defendant's place of business because it is unnecessary, punitive, and misleading; and
>
> (3) Plaintiff's proposal that her counsel be allowed to contact the potential members of the collective action up to four times, because such multiple contacts are "encouragement" that are contrary to the purpose of granting conditional certification.

Defendants respectfully request that the Court amend Plaintiff's proposed notice and distribution plan.

---

[1] Defendants reserve their right to seek decertification of the class at a later date.

## II. THE COURT SHOULD AMEND PLAINTIFF'S PROPOSED NOTICE BECAUSE IT IS INCONSISTENT WITH THE PURPOSE OF FLSA COLLECTIVE ACTION NOTICES

In facilitating notice, the ultimate goal of the Court is to provide "[a]ccurate and timely notice concerning the pendency of the collective action … because it … allows [putative class members] to pursue their claims in one case where the same issues of law and fact are already being addressed." *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D. Ohio 2011) (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 168-69 (1989)). The Court must avoid communicating to absent class members any encouragement to join the suit or any approval of the suits on its merits. *Hoffmann-La Roche*, *supra*, at 170.

### A. The Court should amend Plaintiff's proposed notice to include factual information about the litigation process.

Plaintiff's proposed notice contains the following information about the effect of joining the collective action and the litigation process:

> If you choose to join this lawsuit, you will be bound by any judgment on any claim you may have under the FLSA, whether favorable or unfavorable. While the lawsuit is proceeding, you may be required to respond to discovery requests.

(ECF No. 19-5, PageID.143). Because a reference to "discovery requests" may be misleading – or meaningless – to the potential plaintiffs,[2] Defendants proposed substituting the second sentence in Plaintiff's proposed paragraph with the following:

> While the lawsuit is proceeding, you may be required to respond under oath to interrogatories (written questions), to produce documents, to have your deposition taken, and/or to testify in court at a hearing or trial.

---

[2] It is likely that most – if not all – of the potential plaintiffs have little-to-no experience with civil litigation. Thus, the reference to "discovery requests" will be meaningless, and it will not accurately convey to the potential plaintiffs their obligations if they choose to join the lawsuit.

(ECF No. 20, PageID.151). Plaintiff prefers the ambiguous and undefined reference to "discovery requests" because she believes Defendants' proposed language "seems geared towards intimidating the plaintiffs." *Id*.

There is nothing intimidating about Defendants' proposed language. It is a simple, clear, and factual description of the discovery obligations that plaintiffs may face if they choose to join the lawsuit. After all, members of a FLSA collective action are plaintiffs in the case, and they, like the named plaintiff, may be required to respond to interrogatories, produce documents, or have their depositions taken. As the Eleventh Circuit explained:

> The FLSA "does not indicate that opt-in plaintiffs have a lesser status than named plaintiffs insofar as additional claims are concerned. To the contrary, by referring to them as 'party plaintiffs' Congress indicated that opt-in plaintiffs should have the same status in relation to the claims of the lawsuit as do the named plaintiffs."

*Morgan v. Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1259 n. 35 (11th Cir. 2008) (brackets omitted) (quoting *Prickett v. DeKalb County*, 349 F.3d 1294, 1297 (11th Cir. 2003)). That is, there is "nothing in the nature of collective actions or in the 'spirit' of the FLSA that would allow plaintiffs to flout their individual discovery obligations." *Morangelli v. Chemed Corp.*, No. 10 Civ. 876, 2011 WL 7475 (E.D.N.Y. Jan. 1, 2011).

Consistent with this analysis, district courts in this circuit have approved collective action notices that refer to the plaintiffs' potential discovery obligations if they choose to join the lawsuit. *See*, *e.g.*, *Wlotkowski v. Michigan Bell Tele. Co.*, 267 F.R.D. 213, 220 (E.D. Mich. 2010) (court approved notice that stated: "If you join the lawsuit, you may be required to respond to written questions, sit for a deposition, and testify in court."); *Hurt v. Commerce Energy, Inc.*, No. 1:12-CV-758, 2014 WL 3615807, at *1 (N.D. Ohio July 21, 2014) (court authorized notice that informed potential plaintiffs that they "may also be asked to sit for a

3

deposition, answer questions under oath, and/or testify in court at trial or another proceeding.");
*Potts v. Nashville Limo & Transport, LLC*, No. 3:14-cv-1412, 2015 WL 4198793, at *7 (M.D. Tenn. July 10, 2015) (court ordered that notice "indicate that the plaintiffs may be required to participate in discovery," which included references to producing documents, answering written questions under oath, and/or giving deposition testimony).

Defendants' proposed language factually and clearly outlines the obligations that the potential plaintiffs "may" have if they join the lawsuit. It states the realities of litigation, and it cannot be reasonably interpreted as an attempt to intimidate anyone from joining the lawsuit.

**B.     The Court should deny Plaintiff's request to post a workplace notice because it is unnecessary and punitive.**

Plaintiff proposed posting a notice at the Grand Woods Lounge "[b]ecause FLSA violations are ongoing[.]" (ECF No. 19, PageID.127). First, Defendants deny that any FLSA violations occurred or are ongoing. And because the parties have not engaged in any discovery to date, Plaintiff has no evidence to support this claim other than her own mistaken belief.

"The purpose of notice is simply to inform potential class members of their rights." *Wlotkowski*, 267 F.R.D. at 220 (E.D. Mich. 2010) (quoting *Witteman v. Wisconsin Bell, Inc.*, No. 09-cv-440, 2010 WL 446033, at *3 (W.D. Wisc. Feb. 2, 2010)). Consequently, courts have routinely held that workplace postings are "unnecessary and punitive given the other channels of notice available." *McKinstry v. Developmental Essential Services, Inc.*, No. 2:16-cv-12565, 2017 WL 815666, at *3 (E.D. Mich. Mar. 2, 2017). A plaintiff must demonstrate "good cause for requiring the Defendants to post notice in their place of business[.]" *Hardesty v. Litton's Market and Restaurant, Inc.*, No. 3:12-CV-60, 2012 WL 6046743, at *6 (E.D. Tenn. Sept. 28, 2012) (allowing plaintiff to mail the notice to potential plaintiffs but denying her request for a workplace posting).

4

In *Phipps v. Chariots of Hire, Inc.*, No. 3:17-CV-97, 2017 WL 4228028 (E.D. Tenn. Aug. 29, 2017), the plaintiffs requested that they be allowed to post notices in the workplace. They argued that sending a notice by mail was insufficient because potential opt-in plaintiffs constituted a transient population and a workplace posting promoted judicial economy. *Id*. at *4-5. The court disagreed. It held that plaintiffs did not show good cause for a workplace posting because they offered no evidence that the potential plaintiffs were actually a transient population. It also held that a workplace notice would improperly encourage potential plaintiffs to join the suit:

> Further, the Court has already recommended that notice be sent by first-class mail and by email. The Court finds first-class mail and email notifications sufficient to advise the putative plaintiffs of their rights without encouraging potential opt-ins to join the suit or giving the impression that the Court approves the suit on its merits.

*Id*. at *5 (citing *Hoffmann-La Roche*, 493 U.S. at 168-69, 174).

Here, Plaintiff has also argued that sending notice by mail and email will be insufficient because "[c]ollege kids … addresses and even email addresses (like a .edu) may have changed[.]" (ECF No. 20, PageID.151). Plaintiff has not, however, offered any evidence to demonstrate that this is true, let alone that it is good cause for a proposed workplace notice. There is no reason to believe that the potential plaintiffs will not receive either the mailed or emailed version of the notice.

A workplace notice is also punitive and prejudicial. A required workplace notice comes with an inherent connotation that Defendants have engaged in wrongdoing, and it could reasonably be perceived by employees as a penalty assessed by the Court that unduly encourages potential plaintiffs to join the lawsuit. The proposed workplace notice is also overbroad because Plaintiff's proposed collective action includes only servers and bartenders, not all of Defendants' employees.

In addition to denying Plaintiff's request for a workplace notice, the Court should strike from the proposed "Email to Putative Class Members" (ECF No. 19-6, PageID.146) the final sentence of the second paragraph that reads: "If you are a current employee, you will also see a notice posted at your work location."

> **C.  The Court should deny Plaintiff's request to contact potential members of the collective action a second time by email and once by phone.**

Plaintiff proposes dissemination of the notice as follows: once by mail, a first attempt by email, a second attempt by email after 60 days, and once by phone if mail and email are unsuccessful. (ECF No. 19, PageID.127). The Court should deny Plaintiff's request for a second email and phone call because they are unnecessary reminders that are contrary to the purpose of granting conditional certification.

Courts regularly reject a plaintiff's request to send reminder notices to potential plaintiffs because they are "unnecessary and potentially could be interpreted as encouragement by the court to join the lawsuit." *Wlotkowski*, 267 F.R.D. at 220 (quoting *Witteman*, *supra*, at \*3). *See also Phipps*, *supra*, at \*6 (reminder notice unwarranted where notice was sent by first-class mail and email); *Fenley v. Wood Group Mustang, Inc.*, 170 F. Supp.3d 1063, 1074-75 (S.D. Ohio 2016) ("[T]he Court should be hesitant to authorize duplicative notice because it may unnecessary 'stir up litigation' or improperly suggest the Court's endorsement of Plaintiff's claims."); *Wolfram v. PHH Corp.*, No. 1:12-cv-599, 2012 WL 6676778, at \*4 (S.D. Ohio. Dec. 21, 2012) ("Many courts have rejected reminder notices, recognizing the narrow line that divides advising potential opt-in plaintiffs of the existence of the lawsuit-and encouraging participation."); *Hall v. U.S. Cargo and Courier Service, LLC*, 299 F. Supp.3d 888, 900 (S.D. Ohio 2018) (court rejected request for reminder notice where notice was sent via first class mail and email because "the potential for confusion is greater."). This is so because the purpose of

the notice is simply to inform potential members of their rights. "Once they receive that information, it is their responsibility to act as they see fit." *Wlotkowski*, *supra.* (citing *Witteman*, *supra*).

Defendants do not object to the initial notice via mail and email to putative members of the potential collective action. However, any additional notices, reminders, or contact from Plaintiff's counsel are nothing more than blatant encouragement to join the lawsuit, which is contrary to the FLSA and the purpose of collective action notices. Plaintiff and her counsel may not use the Court-approved notice as their foundation for a campaign to encourage as many people as possible to join the lawsuit. Instead, they must simply and objectively inform potential plaintiffs of the lawsuit and their right to join. It is then the sole responsibility of the potential plaintiffs to "act as they see fit." *Wlotkowski*, *supra*.[3]

## III. CONCLUSION

For the reasons stated above, Defendants request that the Court:

1. Amend Plaintiff's proposed notice to include the statement: "While the lawsuit is proceeding, you may be required to respond under oath to interrogatories (written questions), to produce documents, to have your deposition taken, and/or to testify in court at a hearing or trial."

2. Deny Plaintiff's request to post the notice in the workplace.

3. Amend the proposed "Email to Putative Class Members" to strike the final sentence of the second paragraph that reads: "If you are a current employee, you will also see a notice posted at your work location."

---

[3] Defendants also ask the Court to deny Plaintiff's request to provide the telephone numbers of all persons employed as Grand Woods Lounge servers and bartenders during the three years prior to the filing of this action. (ECF No. 19, PageID.127). Producing the telephone numbers of these individuals is unnecessary, especially if Plaintiff and her counsel are not allowed to telephonically contact potential members of the collective action. *See McCoy v. RP, Inc.*, No. 2:14-cv-3171, 2015 WL 6157306, at *4-5 (D.S.C. Oct. 19, 2015) (denying plaintiffs' request for disclosure of putative class members' phone numbers for purposes of providing notice via text message); *Aguilar v. Complete Landsculpture, Inc.*, No. 3:04 CV 0776, 2004 WL 2293842, at *5 (N.D. Tex. Oct. 7, 2004) (denying plaintiff's request for telephone numbers because "highly personal information about persons who may in fact have no interest in this litigation should not be disclosed on the thin basis that plaintiff's counsel desires it.") (brackets and citations omitted).

7

4. Deny Plaintiff's request to send a second email to potential plaintiffs and to contact potential plaintiffs by phone if they do not respond to the mailed and emailed notices.

Respectfully submitted,

Date: June 6, 2019  By: */s/ Matthew M. O'Rourke*
Jeffrey G. Muth (P65041)
Matthew M. O'Rourke (P79019)
MILLER JOHNSON
45 Ottawa Avenue, SW, Suite 1100
Grand Rapids, MI 49503
616.831.1700
muthj@millerjohnson.com
orourkem@millerjohnson.com

John W. Inhulsen (P69137)
INHULSEN LAW PLC
250 Monroe Ave. NW, Suite 400
Grand Rapids, MI 49503
616.747.0000
john@inhulsen.com

Attorneys for Defendants

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of W.D. Mich. LCivR 7.2(b)(i) because this brief contains 2,088 words, excluding the parts of the brief exempted by W.D. Mich. LCivR 7.2(b)(i).

2. This brief has been prepared in a proportionally spaced typeface using Microsoft Office Word 2010 for Windows in 12-point Times New Roman font.

MILLER JOHNSON
Attorneys for Defendant

Date: June 6, 2019  By: */s/ Matthew M. O'Rourke*
Jeffrey G. Muth (P65041)
Matthew M. O'Rourke (P79019)
45 Ottawa Avenue, SW, Suite 1100
Grand Rapids, MI 49503
616.831.1700
orourkem@millerjohnson.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 6, 2019 the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. first class mail for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

Date: June 6, 2019        By: */s/ Matthew M. O'Rourke*
                                                 Jeffrey G. Muth (P65041)
                                                 Matthew M. O'Rourke (P79019)
                                                 MILLER JOHNSON
                                                 45 Ottawa Avenue, SW, Suite 1100
                                                 Grand Rapids, MI  49503
                                                 616.831.1700
                                                 muthj@millerjohnson.com
                                                 orourkem@millerjohnson.com