UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

SHANELL HODGES, on behalf of herself
and those similarly situated,

    Plaintiff,

v.

77 GRANDVILLE, INC., a Michigan profit
corporation, and KRIS ELLIOTT and
DAX HYLARIDES, individuals,

    Defendants.

Case No. 1:19-cv-00081

Hon. Paul L. Maloney
Magistrate Judge Ray Kent

---

## BRIEF IN SUPPORT OF MOTION TO AMEND CASE MANAGEMENT ORDER

Table of Contents

Page

I. BACKGROUND ........................................................................................................1

II. ARGUMENT .............................................................................................................2

III. CONCLUSION..........................................................................................................2

<u>Index of Authorities</u>

Page

**Rules**

Fed. R. Civ. P. 16(b)(4)............................................................................................................ 2

## I. BACKGROUND

On May 29, 2019, Plaintiff filed a Motion for Conditional Class Certification and to Send Notice to Similarly Situated Employees (ECF No. 18). Defendants filed their brief in response on June 6, 2019, (ECF No. 24), and the Court issued its order on October 18, 2019. (ECF No. 37). The Court granted Plaintiff's motion in part, conditionally certified the collective action, and granted potential members of the collective action a 90-day period to opt-in to the lawsuit. *Id*., PageID.373-74. Potential members had until January 30, 2020 to opt-in to the lawsuit.

On January 16, 2020, Plaintiffs filed their Motion to Send Class Notice by Alternative Means. (ECF No. 41). Defendants filed their brief in response on January 30, 2020 (ECF No. 51), and the Court issued its order on February 3, 2020. (ECF No. 53). The Court granted Plaintiffs' motion in part and allowed Plaintiffs' counsel to contact by telephone six additional potential members of the collective action. These six individuals have a 30-day period to opt-in, which will expire no later than March 11, 2020.

Thus, the parties will not know the full scope of the collective action until March 11, 2020 – two days before discovery is scheduled to be completed. The near overlap of these two deadlines will prevent the parties from engaging in meaningful discovery. For example, it will require Defendants to submit written discovery before all of the plaintiffs have joined the lawsuit. And, it will require both Plaintiffs and Defendants to schedule and take depositions before they understand the complete scope of the collective action and the claims at issue.

The parties anticipated this problem and wrote in the Joint Status Report that they "may need additional time for discovery depending on the number of plaintiffs who opt-in, the factual and legal issues that arise based on the plaintiffs who opt-in, and the Court's order on

Defendants' motion to decertify the conditionally certified collective action." (ECF No. 25, PageID.203).

Consequently, Defendants move the Court to extend the discovery deadline until June 12, 2020, the dispositive motion deadline to July 24, 2020, and the ADR deadline to July 31, 2020.

## II.   ARGUMENT

Under Fed. R. Civ. P. 16(b)(4), the Court may modify its scheduling order "for good cause and with the judge's consent."  Here, there is good cause to amend the Case Management Order.  The parties will not know the full scope of the collective action until two days before the discovery deadline.  The extended deadlines will allow the parties to complete written discovery and take depositions.  Further, the extension of time will not affect the trial date or any other deadline.

## III.   CONCLUSION

For the foregoing reasons, Defendants request that the Court grant their motion and extend the following deadlines:

| | |
|---|---|
| Completion of Discovery: | from March 13, 2020 to **June 12, 2020** |
| Dispositive Motions: | from April 24, 2020 to **July 24, 2020** |
| ADR: | from April 30, 2020 to **July 31, 2020** |

Plaintiffs agree to these extensions and do not oppose this Motion.

Respectfully submitted,

Date: February 6, 2020   By: */s/ Matthew M. O'Rourke*
    Jeffrey G. Muth (P65041)
    Matthew M. O'Rourke (P79019)
    MILLER JOHNSON
    45 Ottawa Avenue, SW, Suite 1100
    Grand Rapids, MI 49503
    616.831.1700
    muthj@millerjohnson.com
    orourkem@millerjohnson.com

    John W. Inhulsen (P69137)
    INHULSEN LAW PLC
    250 Monroe Ave. NW, Suite 400
    Grand Rapids, MI 49503
    616.747.0000
    john@inhulsen.com

    Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 6, 2020 the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. first class mail for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

Date: February 6, 2020   By: */s/ Matthew M. O'Rourke*
    Jeffrey G. Muth (P65041)
    Matthew M. O'Rourke (P79019)
    MILLER JOHNSON
    45 Ottawa Avenue, SW, Suite 1100
    Grand Rapids, MI 49503
    616.831.1700
    muthj@millerjohnson.com
    orourkem@millerjohnson.com

3

MJ_DMS 31517198v1