UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHANELL HODGES, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:19-cv-81 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| 77 GRANDVILLE, *et al.*, | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER DENYING THIRD PROPOSED SETTLEMENT

The parties have twice sought Court approval of a settlement, which the Court has denied both times. After the second denial, the Court held a telephone conference with the attorneys. Plaintiff then filed a revised settlement agreement. (ECF No. 86.) The parties did not file a new motion. The parties apparently continue to rely on the brief in support filed with their original request for the Court to approve the preliminary settlement. (ECF No. 73.) The Court has undertaken a review of the docket and will again deny the proposed settlement.

I.

Plaintiff Shanell Hodges alleges three employment claims, two claims under the Fair Labor Standards Act (FLSA) and one claim under state law. Plaintiff complains about two policies at her place of employment. She alleges that Defendants required servers and bartenders to participate in a "tip pool," and the proceeds were distributed to employees who did not interact with customers. Second, she alleges Defendants required servers and bartenders to clean the facilities after their shifts ended. She contends Defendants did not

pay the servers and bartenders for their cleaning time, or pay them at a discounted rate, even though the servers and bartenders could not earn tips during the time they were cleaning.

In the portion of the amended complaint (ECF No. 15) enumerating the causes of action, Plaintiff indicates she brings her two federal claims as FLSA collective actions and her state law claim as a Rule 23 class action. Courts use the term "hybrid" to describe these sorts of FLSA/Rule 23 lawsuits. FLSA collective action "opt-in" claims can be pursued along with Rule 23 class action "opt-out" claims. The parties, however, must carefully navigate the separate substantive and procedural components of the different types of claims.

In October 2019, the Magistrate Judge granted in part Plaintiff's motion for conditional certification of a collective action under the FLSA. (ECF No. 37.) The parties indicate that 27 servers and bartenders, including Hodges, opted in to the collective action. The parties have identified another 93 individuals who did not opt in to the collective action.

The parties participated in voluntary facilitative mediation and reached a tentative settlement. (ECF No. 66.) The parties filed a joint motion for settlement approval. (ECF No. 72.) The Court denied the motion. (ECF No. 78.) The Court could not determine the amount of money Defendants agreed to pay to settle the dispute and identified a number of concerns about the language in the proposed agreement.

The parties reworked the proposed settlement and filed a renewed motion for preliminary settlement approval. (ECF No. 80.) The parties relied on their prior brief in support of the renewed motion. The Court again denied the proposed preliminary settlement. (ECF No. 83.) The Court explained that FLSA claims cannot be settled through

a Rule 23 class action. The proposed settlement did not bifurcate the FLSA claims into a collective action and the state law claims into a class action.

## II.

The parties have filed a Revised Settlement Agreement. (ECF No. 86.) The parties propose to settle all of the claims as a class action, a class in which all of the identified former employees would be included, the "Settlement Class." The Agreement distinguishes between the "Opt-In Plaintiffs" (Section 1.D.), who will release their FLSA and state-law claims (Section 3.A. and Section 3.B.), from the "Remaining Class Members" (Section 1.E.), who will release only their state-law claims (Section 3.B.). The parties functionally agreed to create three funds. Fund One would be used to proportionately settle all of the claims of the Opt-In Plaintiffs. Fund Two, which the parties have kept confidential, would also be distributed to the Opt-In Plaintiffs. Fund Three would be used to settle the state-law claims for those former employees who did not opt in to the FLSA collective action. Each of the Remaining Class Members would receive $200 from Fund Three. Additionally, Hodges will be paid a $10,000 service award.

The Court identifies multiple problems with the proposed agreement.

First, the proposed agreement still seeks to resolve FLSA claims through a class action. The parties have asked the Court to approve a class action settlement that includes a subgroup, the Opt-In Plaintiffs. The release for the Opt-In Plaintiffs states that those 27 individuals release their FLSA claims. In the prior order, the Court cited multiple opinions for the proposition that FLSA claims could not be settled through a Rule 23 class action. To

the extent the parties believe their proposed agreement avoids the reasons underlying that authority, the parties have not provided the necessary explanation to the Court.

The Court's second concern is a corollary to the first concern. As written, the agreement does not permit the Opt-In Plaintiffs to object to or to opt out of the class action. Section 1.G. permits the Remaining Class Members to object to the terms of the class action settlement. The agreement does not permit the Opt-In Plaintiffs to file any such objection. Section 1.H. permits the Remaining Class Members to opt out of the class action settlement. The agreement does not permit the Opt-In Plaintiffs to opt out. The opt-in feature of a collective action under the FLSA and the opt-out feature for a Rule 23 class action are the "fundamental" and "irreconcilable" differences between the two types of actions. *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975) (per curiam); *see Taylor v. Pilot Corp.*, 697 F. App'x 854, 857 (6th Cir. 2017). All members of the proposed class must be afforded the opportunity to object to the proposed settlement and all members of the proposed class must be afforded the opportunity to opt out of the proposed settlement.

Third, the Court has concerns that the named representative does not adequately represent the entire proposed class. Rule 23(a)(4) requires the Court to find that "the representative party will fairly and adequately protect the interests of the class."

> Under that Rule, we measure the adequacy of the class members' representation based upon two factors: "1) the representatives must have common interests with the unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Vassalle* [*v. Midland Funding LLC*], 708 F.3d [747,] 757 [(6th Cir. 2013)] (internal quotation marks and alterations omitted). The Rule requires that "the class members have interests that are not antagonistic to one another." *Id.* (internal quotation marks omitted). Thus, "the linchpin of the adequacy requirement is the alignment of interests

and incentives between the representative plaintiffs and the rest of the class." *Dewey v. Volkswagen Aktiengesellschaft*, 681 F.3d 170, 183 (3d Cir. 2012).

*In re Dry Max Pampers Litig.*, 724 F.3d 713, 721 (6th Cir. 2013). "This prerequisite is essential to due process, because a final judgment in a class action is binding on all class members." *In re American Med. Sys., Inc.*, 75 F.3d 1069, 1083 (6th Cir. 1996).

The parties have not established that Hodges adequately represents the interests of the class. Hodges likely has common interests with the unnamed members. Hodges, however, is a member of the subgroup, the Opt-In Plaintiffs. Hodges would receive a proportionate payment from one fund based on her "tip credit damages and unpaid cleaning hours." (PageID.674.) The agreement explicitly states that Hodges would receive 17.72% of the Opt-In Settlement Amount. The manner in which her damages are calculated differs from the manner in which the damages are calculated for the Remaining Class Members. And, the difference in the damages between Hodges and the Remaining Class Members are significant. The proposed agreement functions as "two separate settlement agreements folded into one." *In re Dry Max Pampers Litig.*, 724 F.3d at 722. The Opt-In Plaintiffs receive damages calculated with reference to the hours worked and tips withheld. The Remaining Class Members receive (much) smaller payment unrelated to the hours worked and tips withheld. "Therein lies the conflict. There is no overlap between these two deals[.]" *Id.* The manner in which the settlement compensates Hodges undermines her incentive to vigorously prosecute the interests of the entire class.

Hodges will also receive a $10,000 service award as part of the settlement. The Sixth Circuit has neither endorsed nor prohibited service awards. *In re Dry Max Pampers Litig.*,

724 F.3d at 722. Hodges will receive a service award that is fifty times greater than the nominal payment each member of the Remaining Class Members will receive. When the service award is considered along with the difference in compensation mechanisms between the two groups, Hodges has "no reason to care whether the mechanisms available for the unnamed class members can provide adequate relief." *Id.*

Finally, the Court cannot endorse the portion of the settlement agreement that keeps part of the settlement confidential. Specifically, the parties want to keep confidential a payment made to the Opt-In Plaintiffs, who will be releasing their FLSA claims. "[T]he overwhelming majority of trial courts to consider whether to approve confidential settlements in FLSA cases have held that there is a strong presumption in favor of public access to settlement agreements in these cases." *Zego v. Meridian-Henderson,* No. 2:15cv3098, 2016 WL 4449648, at *1 (S.D. Ohio Aug. 24, 2016). Generally, shielding FLSA settlement agreements from the public conflicts with the legislative purpose of the FLSA. *Id.* (citations omitted); *see Chime v. Family Life Counseling and Psychiatric Servs.,* No. 1:19cv2513. 2020 WL 6746511, at *4 (N.D. Ohio Nov. 17, 2020). Because of the presumption of access to judicial documents, the legislative purpose of the FLSA, and the role of judicial oversight in protecting the public-interest purpose of the statute, the parties must provide compelling reasons to justify confidentiality and overcome the presumption of openness. *Athan v. United States Steel Corp.,* 523 F. Supp. 3d 960, 969-70 (E.D Mich. 2021). The parties have not provided any justification for keeping confidential the part of the settlement that applies only the FLSA opt-in plaintiffs.

III.

The Court will not approve the settlement agreement as currently drafted. The parties continue to try to resolve FLSA claims through a Rule 23 class action, something the Court has already found improper. As a class action settlement, the agreement does not permit 27 of the class members to file objections or to opt out of the class. The compensation structure of the agreement undermines Hodges's incentive to adequately represent all members of the class. Finally, the purpose of the FLSA generally prohibits parties from keeping FLSA settlements confidential, which the parties functionally seek to do here.

## ORDER

For the reasons provided in the accompanying Opinion, the Court **DENIES** the Revised Settlement Agreement. (ECF No. 86.)

**IT IS SO ORDERED.**

Date: February 15, 2022      /s/ Paul L. Maloney
                                                                             Paul L. Maloney
                                                                             United States District Judge