UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANELL HODGES,                    )
                    Plaintiff,     )
                                   )          No. 1:19-cv-81
-v-                                )
                                   )          Honorable Paul L. Maloney
77 GRANDVILLE, INC., *et al.*,     )
                    Defendants.    )
_____)

## ORDER APPROVING SETTLEMENT

Plaintiff Shanell Hodges and Defendants reached an agreement to settle the Fair Labor Standard Act claims in this lawsuit. Plaintiff filed an unopposed motion for approval of the settlement. (ECF No. 89.) The Court will grant the motion.

## I.

Plaintiff's first amended complaint functions as the controlling pleading. (ECF No. 15.) Plaintiff pleads two claims under the Fair Labor Standards Act (FLSA) and seeks to litigate them as collective actions. Plaintiff also brings a claim under state law and seeks to litigate that claim as a Rule 23 class action.

In October 2019, the Magistrate Judge granted in part Plaintiff's motion for conditional certification of a collective action under the FLSA. Twenty-seven servers and bartenders, including Plaintiff, opted in to the collective action. The parties have identified another 93 individuals who did not opt in.

In April 2020, the parties participated in voluntary facilitative mediation and reached a tentative settlement. The parties filed three previous motions for settlement approval (ECF Nos. 72, 80, and 86) all of which the Court rejected (ECF Nos. 78, 83, and 87).

In this motion, the parties present a substantially revised proposed settlement. Importantly, the parties request the Court approve a settlement of the FLSA claims only and request that the class action portion of the complaint be dismissed without prejudice. This revision addresses many of the problems the Court previously identified with the proposed settlements.

## II.

While the Sixth Circuit has not decided whether a court must approve FLSA settlement agreement, district courts in this circuit routinely find that court approval is required. *Athan v. United States Steel Corp.*, 523 F. Supp. 3d 960, 964-65 (E.D. Mich. 2021) (collecting cases). When considering FLSA settlements, many courts follow the guidance in *Lynn's Food Stores, Incorporated v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); the court must find that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *See, e.g., Athan*, 523 F. Supp. 3d at 965.

### A. Bona Fide Dispute

The Court finds that the parties have a bona fide dispute over FLSA coverage. Generally, the dispute must arise over factual questions like the number of hours worked or the compensation owed, issues over which the parties may reach a compromise. *See Runyan v. Nat'l Cash Register Corp.*, 787 F.2d 1039, 1042-43 (6th Cir. 1986) (discussing *D.A.*

*Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946)); *e.g.*, *Stuntz v. Lion Elastomers, LLC*, 826 F. App'x 391, 397 (5th Cir. 2020); *Ridenour v. Serv. Pros. Installation Group, Inc.*, No. 3:18cv418, 2020 WL 560596, at *2 (E.D. Tenn. Jan. 17, 2020) (citation omitted). The parties describe their disputed issues in some detail. (ECF No. 90 Br. at 4-5 PageID.722-23.) The Court concludes that the factual disputes between the parties are the sort of issues over which they can compromise.

### B. Fair and Reasonable

When determining whether the FLSA settlement is fair and reasonable, courts must consider the totality of the circumstances, including (1) the plaintiff's range of possible recovery, (2) the extent to which the settlement enables the parties to avoid the burdens and expenses associated with litigation, (3) the risks of litigation faced by the parties, (4) whether the settlement resulted from arms-length bargaining between experienced counsel, and (5) the possibility of fraud or collusion. *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); *see Williams v. Alimar Security, Inc.*, No. 13-12732, 2017 WL 427727, at *1 (E.D. Mich. Feb. 1, 2017) (quoting *Wolinsky*). Courts have also considered the amount of discovery completed, the likelihood of success, the opinions of class counsel and representative, and the public's interest in the settlement. *Athan*, 523 F. Supp. 3d at 965 (citations omitted).

The Court finds the proposed settlement to be fair and reasonable. Defendants have agreed to pay $225,000. Of that amount, the twenty-seven opt-in members will share $134,000. Each opt-in member will receive an amount proportionate to his or her alleged lost wages, which varies greatly. And, each member will receive approximately eight-five

percent of what he or she estimates that loss to be, reflecting a compromise associated with the risks of litigation.  Hodges will be paid a service award as the named plaintiff.  Recognizing that the *Wolinsky* factor are not exhaustive, the Court concludes that those factors weigh in favor of approving the settlement agreement.  The other portion of the settlement amount will be used to pay litigation costs and pay the settlement administrator.  Counsel will receive approximately one-third of the settlement as a contingency fee.  The Court finds also finds these requests fair and reasonable under the totality of the circumstances.

### III.

The Court **APPROVES** Plaintiff's unopposed motion for approval of FLSA Settlement.  (ECF No. 89.)  The Court concludes the parties have a bona fide dispute and have reached a fair and reasonable agreement.  Consistent with ¶ 6 of the settlement agreement, the parties must file appropriate closing documents within 10 days of Defendants' payment of the settlement amount to the claim administrator.

**IT IS SO ORDERED.**

Date:____June 13, 2022_____                              _/s/  Paul L. Maloney_____
                                                                                      Paul L. Maloney
                                                                                      United States District Judge